# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**BRIDGETT R. BURGE**           CASE NO.: 07-12883
                                             CHAPTER 13

    **DEBTOR(S)**

_____/

## AMENDED CHAPTER 13 PLAN

    You should read this Amended Plan carefully and discuss it with your attorney. Confirmation of this Amended Plan, as modified by the Bankruptcy Court, may modify your rights by providing for payment of less that the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim. Payments distributed by the Trustee, as herein provided or as modified by the Court, are subject to the availability of funds.

**Plan Payments and Length of Plan:** The projected disposable income of the Debtor(s) is submitted to the supervision and control of the Trustee. The Debtor(s) shall pay the Trustee by money order or cashier's check following the filing of this Chapter 13 plan the sum of $1,000.00 for 60 months. Each pre-confirmation plan payment shall include all adequate protection payments made pursuant to § 1326(a)(1)(C).

**Claims Generally:** The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief. The Trustee shall only make payment to creditors with filed and allowed proof of claims. An allowed proof of claim will be controlling, unless the Court orders otherwise. Objections to claims may be filed before or after confirmation, according to the limitations set forth in the Court's Order Establishing Duties.

### 1. Secured Claims:

    The regular monthly contractual payments owing on all secured claims, including the secured claims owing mortgage creditors, shall be paid through the Plan as part of the Plan payment to the Chapter 13 Trustee. The Debtor(s) may, if current in payments to an individual secured creditor, elect to file a motion seeking leave of court to make direct payments to that creditor.

    **Pre-Confirmation Adequate Protection Payments:** No later than 30 days after the date of filing of this Plan or the Order for Relief, whichever is earlier, the Debtor(s) shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). If the Debtor(s) makes such adequate protection payments on allowed claims to the Trustee pending confirmation of the Plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtor(s) elects to make such adequate protection payments directly to the creditor, and such creditor is not otherwise paid through the Plan, upon confirmation said claims shall be neither dealt with nor affected by the Plan as confirmed.

| Name of Creditor | Total Est. Claim | Ad. Protection Payment in Plan |
|---|---|---|
| GTE Federal Credit Union (2005 Harley) | $2,915.00 | $185.00 |

(A) **Claims Secured by Real Property Which Debtor(s) Intends to Retain / Mortgage Payments Paid Through the Plan:** Debtor(s) will pay, in addition to all other sums due under the proposed Plan, all regular monthly post-petition mortgage payments to the Trustee as part of the Plan. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter. The Trustee shall pay the post-petition mortgage payments on the following mortgage claims:

| Name of Creditor/Security | Total Est. Claim | Estimated Payment |
|---|---|---|

None

(B) **Claims Secured by Real Property Which Debtor(s) Intends to Retain / Arrearages Paid Through the Plan:** In addition to the provision in Paragraph A above requiring all post-petition mortgage payments to be paid to the Trustee as part of the Plan, the Trustee shall pay the pre-petition arrearages on the following mortgage claims:

| Name of Creditor/Security | Total Est. Claim | Estimated Payment |
|---|---|---|

None

(C) **Claims to Which § 506 Valuation is NOT Applicable:** Debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within one year of filing. Upon confirmation of the Plan, the interest rate and value shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds. Upon timely written objection filed by a creditor, the Debtor(s) may elect to surrender the property to creditor in full satisfaction of the value of the collateral indicated in the creditor's claim.

| Name of Creditor/Security | Ad Prot Pmt. In Plan | Int. Rate-Total to be Pd. |
|---|---|---|
| GTE Federal Credit Union | $185.00 | 6.4% - $2,860.00 |

(D) **Claims to which §506 Valuation is Applicable:** The following creditor(s) shall retain its lien and be paid the value of its collateral as set forth below or as determined by the Bankruptcy Court plus the lower of (1) an interest rate consistent with the "Till Rate"; or (2) the contract rate of interest on the secured obligations. The remaining balance owed shall be treated as a general unsecured claim.

2

| Name of Creditor/Security | Ad Prot Pmt. In Plan – Value | Int. Rate-Total to be Pd. |
|---|---|---|

None.

**(E) Secured Claims on Personal Property – Balance Including any Arrearage Paid in Plan:**

| Name of Creditor/Security | Est. Amount | Int. Rate | Total to be Pd. |
|---|---|---|---|

None.

**(F) Surrender of Collateral:** Debtor(s) will surrender the following collateral no later than thirty (30) days form the filing of the petition unless specified otherwise in the Plan. Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift the Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| Name of Creditor | Collateral to be Surrendered |
|---|---|
| GTE Federal Credit Union | Condo located at 755 Coral Reef Drive, Tampa, FL |

**(G) Liens to be Avoided:**

| Name of Creditor/Security | Estimated Amount |
|---|---|

None.

## 2. Priority Claims:

**Trustee Fees:** Trustee shall receive a fee for each disbursement, the percentage of which is fixed periodically by the United States Trustee.

**Debtor's Attorney's Fees:** Allowable attorney's fees for the Debtor's Attorney shall be paid within the life of this Plan as an administrative priority expense. The Trustee shall pay this Creditor with monthly payments in the amount of $815 for months one through three and $245 for month four.

| Total Amount of Attorney's Fees | Amount Paid Through Plan |
|---|---|
| $3,600.00 | $2,690.00 |

**Domestic Support Obligations:** Debtor(s) is required to pay all post-petition domestic support obligations directly to the holder of the claim. Unless otherwise specified in this Plan, the

3

following priority claims under 11 U.S.C. § 507(a)(1), domestic support obligations, will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

| Name of Creditor | Total Est. Claim | Estimated Payment |
|---|---|---|

None.

Pursuant to § 507(a)(1)(B) and §1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit, and/or not assigned to said entity for the purpose of collection.

Claimant and Proposed Treatment:

None.

**Internal Revenue Service:** These priority claims shall be paid the full amount of any allowed secured claim plus statutory interest within the life of this Plan, but will not be funded until after all secured claims, administrative priority expenses, lease arrearage claims and domestic support claims are paid in full.

| Name of Creditor | Total Est. Claim | Estimated Payment |
|---|---|---|
| Internal Revenue Service | $323.78 | $5.39 |

**3. Leases/Executory Contracts:**

| Name of Creditor/Security | Assume/Reject | Estimated Arrears |
|---|---|---|
| Bay Pointe/Apartment Lease | Reject | unknown |

**4. Student Loan Debts:**

| Name of Creditor/Description | Estimated Amount |
|---|---|

None.

**5. Non-Dischargeable Unsecured Claims:** (Restitution, Insufficient check charges, Co-signed Debts, Non-Dischargeable Obligations)

The following unsecured creditor(s) shall be paid in full without interest through this Plan:

| Name of Creditor/Description: | Estimated Amount: |
|---|---|

None.

4

**6. Lawsuits:** The Debtor(s) will dedicate the net proceeds from the following lawsuits subject to Bankruptcy Court approval, if required:

Case Style:                                   Court/Case No.:

None.

**7. Unsecured Creditors:** Unsecured creditors with allowed claims shall receive a pro rata share of the balance of any funds remaining after payments to the above referenced creditors or shall otherwise be paid pursuant to the provisions of a subsequent Order Confirming Plan.

**OTHER PROVISIONS:**

Payments made to any creditor shall be the amount allowed in a proof of claim filed by the creditor or other amount as may be allowed by a specific order of the Bankruptcy Court. Property of the estate shall not vest in Debtor(s) until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise. Unsecured claims not receiving a distribution through this Plan will be discharged upon the entry of the discharge order entered in this case (excluding student loans).

Dated: 9-24-08

_____
Debtor

## PLAN SUMMARY

| | | | |
|---|---|---|---:|
| Priority | Attorney fees | | $ 2,690.00 |
| | IRS | | $ 323.78 |
| Secured | GTE Federal Credit Union<br>2005 Harley Davidson | | $ 2,860.00 |
| Pre-petition Arrearage | | GTE Federal Credit Union<br>2005 Harley Davidson | $ 615.00 |
| Pro-rata distribution to unsecured | | | $ 46,916.00 |
| Trustee Fee – 5.5% | | | $ 2,937.26 |
| Total | | | $ 56,342.04 |
| Plan Payments | | | $ 1,000.00 |

**Declaration**

    We, Debtors in the above-styled case, declare under penalty of perjury that we have read the foregoing Chapter 13 Plan, and that it is true and correct to the best of our knowledge, information, and belief.

Date: 9-24-08

_____
Debtor

Date: _____

_____
Debtor